LISA R. KELLEY and SHARON
PARKER, individually and on behalf of
all others similarly situated,

        **Plaintiffs,**

v.                                                    Case No: 5:13-cv-451-Oc-22PRL

TAXPREP1, INC.,

        **Defendant.**

_____/

## ORDER

This cause is before the Court on Plaintiffs Lisa Kelley and Sharon Parker's Motion for Conditional Certification of Collective Action (the "Motion"), filed on January 10, 2014. (Doc. No. 28). Defendant Taxprep1, Inc. ("Defendant") filed a response in opposition. (Doc. No. 40). Based on the reasoning provided herein, the Court denies the Motion.

### I. DISCUSSION

Plaintiffs Lisa Kelley and Sharon Parker ("Plaintiffs") filed this action against Defendant pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Doc. No. 1 at ¶ 5). Defendant employed Plaintiffs at Jackson Hewitt Tax Service locations in Citrus and Sumter Counties, Florida as "Office Managers." (*Id.* at ¶¶ 4, 13). Plaintiffs allege that Defendant failed to pay Plaintiffs overtime compensation in accordance with the requirements of the FLSA. (*Id*. at ¶ 18). Plaintiffs seek unpaid wages and liquidated damages. (*Id.* at ¶¶ 22, 23). In the Motion, Plaintiffs request the Court to grant conditional certification so that Plaintiffs may send notice to similarly situated employees. (Doc. No. 28 at p. 5).

FLSA collective actions may be brought by an employee or group of employees on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). The Eleventh Circuit has suggested that district courts utilize a two-tiered approach for the certification of FLSA class actions. *Gonzales v. Hair Club for Men, Ltd.*, No. 6:06-cv-1762, 2007 WL 1079291, *2 (M.D. Fla. Apr. 9, 2007). The first step is the notice stage, where the district court makes the "decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential [plaintiffs]." *Id.* (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218-19 (11th Cir. 2001)) (alteration in the original). At this stage, the plaintiff need only demonstrate a "reasonable basis" to believe that similarly situated individuals exist in the proposed class. *Id.* (citing *Marsh v. Butler Cnty. Sch. Sys.*, 242 F. Supp. 2d 1086, 1091 (M.D. Ala. 2003)). If the district court grants conditional certification, potential plaintiffs receive notice informing them of their right to "opt-in" to the lawsuit. *Gonzales*, 2007 WL 1079291 at *3. After the completion of discovery, the defendant may initiate the second tier by moving for "decertification." *Id.* Although the "two-tiered approach" is popular among the district courts, the Eleventh Circuit has stressed that "[n]othing in [the Eleventh Circuit] precedent . . . requires district courts to utilize this approach." *Id.* (quoting *Hipp*, 252 F.3d at 1219) (alterations in original). In all cases, the decision to create an opt-in collective action remains "soundly within the discretion of the district court." *Hipp*, 252 F.3d at 1219.

In this case, the Court finds it is inappropriate to grant conditional certification because there is insufficient evidence to show that the proposed members of the opt-in class are similarly situated. Plaintiffs seek to "send out notice to the similarly situated employees who currently work or worked for the Defendant in similarly situated positions for a period of three years prior to filing this lawsuit." (Doc. No. 28 at p. 5). Plaintiffs argue that they have submitted their own

affidavits, as well as the affidavits of others, which demonstrate sufficiently similar job requirements. (*Id.*). Plaintiffs suggest that these affidavits provide a reasonable basis to believe that there are similarly situated persons, who, if provided notice, would join this lawsuit. (*Id.*). The Court does not agree.

Plaintiffs bear the burden at all times to demonstrate that the class is similarly situated. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Plaintiffs need only demonstrate that their positions are "similar, not identical" to the positions held by the potential plaintiffs. *Id.* Nonetheless, "unsupported assertions that FLSA violations were widespread and that additional plaintiffs" exist are insufficient to meet the plaintiffs' burden. *Haynes v. Singer, Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983).

First, the affidavits filed in support of the Motion do not provide sufficient facts to support conditional certification. These four affidavits, which are mostly identical, of Defendant's former or current employees consist of completely conclusory assertions that the Court finds are not probative of the similarly situated question. Further, Plaintiffs identify only twelve individuals who have either joined, or may be interested in joining, this lawsuit. (Doc. No. 28 at pp. 8-11).[1] The Court agrees with Defendant that Plaintiffs' "four cut-and-paste, form affidavits . . . are insufficient" to satisfy Plaintiffs' burden. (Doc. No. 40 at p. 10). "Indeed, federal courts across the Middle and Southern Districts of Florida have routinely denied requests for conditional certification where, as here, the plaintiffs attempt to certify a broad class based only [on] the conclusory allegations of few employees." *Rappaport v. Embarq Mgmt. Co.*, 2007

---

1 One of the individuals who filed an affidavit in support of the Motion subsequently filed a notice of consent to join. (*See* Doc. No. 51).

WL 4482581, *4 (M.D. Fla. Dec. 18, 2007).[2] Plaintiffs have failed to demonstrate a reasonable basis to believe that similarly situated individuals exist.

Second, the Court also agrees with Defendant that plaintiff-specific inquiries would be required as to whether or not an individual was misclassified, and therefore exempt from the FLSA. Specifically, individualized inquiries would be required as to whether various "Office Managers" meet the FLSA "executive exemption."[3] These individualized inquiries also make conditional certification in this proceeding unwarranted. *See West v. Verizon Commc'ns, Inc.*, No: 8:08-cv-1325-T-33MAP, 2009 WL 2957963, at *7 (M.D. Fla. Sep. 10, 2009) ("The need for individualized inquiries would contravene the basic theory of judicial economy upon which the certification of collective actions is based.").

## II. CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Plaintiffs Lisa Kelley and Sharon Parker's Motion for Conditional Certification of Collective Action, filed on January 10, 2014 (Doc. No. 28), is **DENIED**.

---

2 *See also id.* at *4 n.2 (citing, among others, *Kessler v. Lifesafer Serv. Providers, LLC,* No. 6:06-cv-1442, 2007 WL 1531395, *1-3 (M.D. Fla. May 25, 2007) (attempt to certify class based only on conclusory allegations); *Becker v. Southern Soils, Turf Management Inc.,* No. 6:06-cv-22, 2006 WL 3359687, *3-4 (M.D. Fla. Nov. 20, 2006) (attempt to certify class of various employees based on two affidavits which did not specify the named plaintiffs' job positions); *Sandate v. Makotek, LLC,* No. 6:06-cv-601, 2006 WL 4792782, *1-5 (M.D. Fla. Sept. 28, 2006) (attempt to certify class of cable technicians where plaintiffs were employed by one of two branches of the company and failed to show that any other technicians were interested in joining the suit); *White v. KCPAR, Inc.,* No. 6:05-cv-1317, 2006 WL 1722348, *1-4 (M.D. Fla. June 20, 2006) (attempt to certify a company-wide class of cooks based on affidavits of three employees); *Rodgers v. CVS Pharmacy, Inc.,* No. 8:05-cv-77, 2006 WL 752831, *1-6 (M.D. Fla. Mar. 23, 2006) (attempt to certify nationwide class of nearly 250,000 employees based on three affidavits)).

3 The overtime requirements of the FLSA are inapplicable to an employee "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2014.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties