**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**LISA R. KELLEY and SHARON
PARKER, individually and on behalf of
all others similarly situated**

     **Plaintiffs,**

v.                                                                                 **Case No: 5:13-cv-451-Oc-22PRL**

**TAXPREP1, INC.**

     **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiffs Lisa Kelley and Sharon Parker were both formerly employed as Office Managers by Defendant TaxPrep1, Inc., a tax preparation company. Plaintiffs claim that Defendant misclassified them as exempt and failed to pay them overtime in violation of the Fair Labor Standards Act ("FLSA").[2] Plaintiffs seek to recover unpaid overtime compensation, an additional amount equal as liquidated damages, and reasonable attorneys' fees and costs.

In its motion for partial summary judgment (Doc. 67), Defendant asks the Court to make findings as to the calculation and scope of damages to which Plaintiffs would be entitled *assuming* Plaintiffs later establish an FLSA violation. Specifically, Defendant seeks a ruling from the Court

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] Plaintiffs initially brought this FLSA action on behalf of themselves and similarly situated employees. (Doc. 1). After the Court denied Plaintiff's motion for conditional certification (Doc. 54), Plaintiffs filed an amended complaint in which they realleged their misclassification claims and added allegations that they completed work off the clock for which they were not compensated. (Doc. 62).

that: (1) assuming it is determined that Plaintiffs were improperly classified as exempt, any damages for unpaid overtime should be calculated at the half-time rate using the fluctuating workweek method of calculation because Plaintiffs were paid a fixed salary; (2) assuming it is later determined that Defendant violated the FLSA, Plaintiffs cannot show willfulness and thus their claims are limited by a two-year statute of limitations; and (3) assuming it is later determined that Defendant violated the FLSA, Plaintiffs are not entitled to liquidated damages because Defendant acted in good faith. Defendant's motion should be denied without prejudice because resolution of these issues before an FLSA violation is established would be premature.

### I. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A movant carries her burden by showing that there is an absence of evidence supporting the non-movant's case. *Denney v. City of Albany,* 247 F.3d 1172, 1181 (11th Cir.2001). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show a genuine issue for trial. *Porter v. Ray,* 461 F.3d 1315, 1320 (11th Cir.2006). Affidavits submitted in relation to a summary judgment motion must be "based on personal knowledge and must set forth facts that would be admissible under the Federal Rules of Evidence." *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1314–15 (11th Cir.2011).

A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict" for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Which facts are material depends on the underlying substantive law. *Id.* The Court must view the evidence and all reasonable inferences drawn from

the evidence in the light most favorable to the non-movant. *Battle v. Bd. of Regents,* 468 F.3d 755, 759 (11th Cir.2006). However, "[a] court need not permit a case to go to a jury ... when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible .'" *Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739, 743 (11th Cir.1996).

## II.     Discussion

### A.  Fluctuating Workweek Method of Calculation

Defendant asks the Court to find that "assuming Plaintiffs are able to establish they were misclassified and are entitled to overtime compensation, the proper method for calculating overtime in this case is the fluctuating workweek method." (Doc. 67 at 9).

The fluctuating workweek method is one (but not the only) method for calculating damages when an employee is paid a weekly salary. *See Lamonica v. Safe Hurricane Shutters, Inc*., 711 F.3d 1299, 1311 (11th Cir. 2013). This method, which is set forth in the Department of Labor's interpretative rule 29 C.F.R. §778.114, allows an employee whose hours fluctuate from week to week to be compensated at a fixed amount per week as straight-time pay irrespective of the actual number of hours worked. Subsection (a) of the rule explains that where the fluctuating workweek method is used to calculate the employee's regular rate of pay, "[p]ayment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement."[3] Plaintiffs argue that the fluctuating workweek method is not applicable in this case because they were paid bonuses in addition to their straight salary.

---

[3] This method of calculating unpaid overtime is generally advantageous to the employer for two reasons: (a) the regular hourly rate is reduced, because the number of covered hours is greater than 40; and (b) the unpaid overtime premium is only 50% of the regular hourly rate, because all hours (including overtime hours) have already been compensated at the straight time rate. *Hopkins v. Texas Mast Climbers, LLC* 2005 WL 3435033, at *7 (S.D.Tex. Dec. 14, 2005).

However, unless and until it is found that Plaintiffs were misclassified as exempt, the Court will not need to determine the applicability of the fluctuating workweek method or the extent of Plaintiffs' damages. Accordingly, Defendant's motion as to the fluctuating workweek method should be denied as premature. .

### B. Statute of Limitations

Next, Defendant argues that the two-year statute of limitations applies because Plaintiffs cannot prove a willful violation of the FLSA. The statute of limitations for claims seeking unpaid overtime compensation is generally two years unless the cause of action arises "out of a willful violation," in which case, the statute of limitations is extended to three years. 29 U.S.C. §255(a). To establish a willful violation in order to extend the limitations period, "the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1162-63 (11th Cir.2008) (citing *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988)).

However, the court cannot make a determination on the issue of willfulness until it is first determined that a violation of the FLSA actually occurred. *See Allen v. Bd. of Public Ed.*, 495 F.3d 1306, 1324 (11th Cir. 2007)(concluding that because "triable issues of fact remain[ed] as to some of [the p]laintiffs' claims that they worked overtime without compensation . . . a determination of which statute of limitations to apply must be reserved until it is determined whether a violation of the FLSA occurred"); *Talbott v. Lakeview Center, Inc.,* 2008 WL 4525012, at *10 (N.D. Fla. Sept. 30, 2008)(concluding that "as liability has not yet been established this issue [of the applicable statute of limitations] is premature"). That is, because liability is still disputed in this case (and not addressed by the instant motion or otherwise conceded by the

- 5 -

Defendant), the Court cannot say whether the Defendant's conduct (violating the FLSA) was or wasn't willful.

### B. Good Faith Defense

Finally, Defendant argues that Plaintiffs are not entitled to liquidated damages because Defendant acted in good faith.  The Portal-to-Portal Act provides an employer with a "good faith" defense to a claim for liquidated damages.  29 U.S.C. § 260 ("In any action ... to recover ... unpaid overtime compensation, or liquidated damages, under the [FLSA] ... if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] ... the court may, in its sound discretion, award no liquidated damages ....").

This issue, however, like the others, is not ripe for consideration.  The liquidated damages provision of the FLSA states that "[a]ny employer *who violates* the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation ... and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) (emphasis supplied).  Thus, "[o]nly a violation of the FLSA results in a right to liquidated damages under the Act." *Atlanta Prof'l Firefighters Union, Local 134 v. City of Atlanta,* 920 F.2d 800, 806 (11th Cir.1991).  Again, because no FLSA violation has been established (or otherwise conceded), consideration of the issue of liquidated damages, and thus the associated affirmative defense of good faith, is premature.  *See Cusamano v. Maquipan Intern., Inc.,* 390 F.Supp.2d 1216, 1223 (M.D. Fla. 2005).

### III. Recommendation

- 6 -

Accordingly, Defendant's motion for partial summary judgment should be **DENIED** without prejudice.

**DONE** and **ORDERED** in Ocala, Florida on July 1, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties