UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LISA R. KELLEY and SHARON PARKER,**

    Plaintiffs,

v.                                              Case No: 5:13-cv-451-Oc-22PRL

**TAXPREP1, INC.,**

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on the parties' Joint Motion to Approve FLSA Settlement (Doc. 102) and Plaintiffs' Amended Motion for Attorney's Fees and Costs (Doc. 106).

**I.    BACKGROUND**

On August 19, 2013, Plaintiffs, Lisa Kelley and Sharon Parker brought this action against Defendant, TaxPrep1, Inc. alleging that Defendant misclassified them as exempt and failed to pay them overtime in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1).[2] Plaintiffs sought to recover unpaid overtime compensation, an additional amount equal as liquidated damages, and reasonable attorneys' fees and costs. During the course of this case, Plaintiff Kelley claimed entitlement to overtime pay in the amount of $55,556.71 and Plaintiff Parker claimed entitlement to overtime pay in the amount of $48,186.70. Plaintiffs' calculations were based on a time and a

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] Plaintiffs initially brought this FLSA action on behalf of themselves and similarly situated employees. (Doc. 1). After the Court denied Plaintiff's motion for conditional certification (Doc. 54), Plaintiffs filed an amended complaint in which they realleged their misclassification claims and added allegations that they completed work off the clock for which they were not compensated. (Doc. 62).

half formula. In addition, Plaintiffs claimed that the applicable statute of limitations was three years and that they were entitled to liquidated damages because Defendant violated the FLSA willfully and in bad faith.

In its Answer, Defendant denied that Plaintiffs were entitled to any overtime pay, asserted that they were properly classified as exempt employees, denied willfulness and bad faith; and argued that if overtime pay was awarded it should be calculated using the Fluctuating Work Week or half-time method. Defendant took the position that if the Fluctuating Work Week method and two-year statute of limitations applied and if no liquidated damages were allowed then any overtime due would be limited to $3,431.63 for Plaintiff Kelley and $3,135.22 for Plaintiff Parker. The parties have now reached a proposed settlement of the FLSA claims with Defendant paying $25,000 to settle Plaintiff Kelley's claim and $18,000 to settle Plaintiff Parker's claim; and thus, have filed the instant motion seeking approval of the agreement.

In addition, Plaintiffs have filed a motion for attorney's fees and costs for work performed by Joseph D. Talmadge and Lindsay Bash. They seek $39,150.00 in attorney's fees and $3,133.17 in costs. (Doc. 106). In its response, Defendant advises that the parties have now stipulated to resolve the fees and costs for Mr. Talmadge and the firm of Morris, Cary, Andrews, Talmadge & Driggers for the total sum of $20,000.00, but that there is still a dispute as to Ms. Bash's fees.

**II. DISCUSSION**

**A. Joint Motion to Approve FLSA Settlement**

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.
> *Id.*

As set forth in the motion, the settlement provides that Defendant will pay Plaintiff Kelly $25,000 and Plaintiff Parker $18,000 to settle their FLSA claims. The parties agree that the settlement reflects a reasonable compromise of several disputed issues in this case including: whether Plaintiffs were properly classified as exempt, the applicable statute of limitations, Plaintiffs' entitlement to liquidated damages, and the proper method for calculating overtime pay (Fluctuating Work Week method or time and a half formula). The parties, who were represented by counsel discussed these issues at length and engaged in detailed settlement discussions. The parties represent that they voluntarily agreed to the terms of the settlement agreement because they want to avoid the uncertainties of further litigation. The parties state that the amounts being paid to settle Plaintiffs' claims are fair and reasonable considering the risks for each side. Under these circumstances, I find that the settlement is reasonable, especially given the number of disputed issues and the vagaries of litigation. Thus, I submit that the parties' Joint Motion (Doc. 102)

should be granted, the settlement should be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and the matter should be dismissed, with prejudice.

### B.  Plaintiffs' Amended Motion for Attorney's Fees and Costs

There is no dispute that Plaintiffs are entitled to an award of attorney's fees under 29 U.S.C. §216(b), which provides that "in addition to any judgment awarded to the plaintiff or plaintiffs, [the court shall] allow a reasonable attorney's fee to be paid by the defendant."  However, while Plaintiffs have a right to attorney's fees incurred in the successful prosecution of her FLSA claim, the Court has a corresponding duty to ensure that such an award is reasonable.  In determining a reasonable attorney's fee, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001)(quoting *Hensley*, 461 U.S. at 436). The Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

As discussed *supra*, the parties have stipulated to resolve the fees and costs for Mr. Talmadge and the firm of Morris, Cary, Andrews, Talmadge & Driggers for the total sum of $20,000.00. These agreed upon fees and costs, which were negotiated separately from Plaintiffs' recovery, appear to be reasonable, and thus, should be approved. *See Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

There is still, however, a dispute as to Ms. Bash's services for which Plaintiffs seek $12,800 in attorney's fees and $1,148.75 in costs. Defendant objects to the requested fees but raises no objection to the costs. For the reasons discussed below, I submit that Ms. Bash's fees should be reduced from $12,800.00 to $7,483.00 and that the costs should be approved in their entirety.

### 1. *Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303. Here, Plaintiffs request $250.00 per hour for Ms. Bash's services. Ms. Bash has four years of experience as a practicing attorney in Inverness, Florida and Tampa, Florida. At the time this action was filed, Ms. Bash had only been practicing for two years.

While Plaintiffs offer no affidavit to support the requested rate, it is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F.Supp.2d 1328, 1331 (M.D. Fla. 2002). Here, based upon my own experience and familiarity with rates in the Middle District, I submit that $250 is higher than the prevailing market rate for a lawyer in an FLSA case with only two to four years of experience. *See e.g., Knight v. Paul & Ron Enterprises,*

*Inc.*, 8:13-cv-310-T-36EAJ, 2015 WL 2401504, at *3 (M.D. Fla. May 19, 2015) (concluding that $250 per hour is not a reasonable rate for an attorney with less than three years of experience and awarding attorney $150 per hour); *Martinez v. Hernando Cnty. Sheriff's Office*, 8:12-cv-666-T-27TGW, 2013 WL 6047020, at *2 (M.D. Fla. Nov. 13, 2013) aff'd, 579 F. App'x 710 (11th Cir. 2014) (concluding that $200 an hour for attorneys with less than two years of experience is not reasonable and holding that $125 per hour is a reasonable fee); *Lewis v. Florida Default Law Grp., P.L.,* 8:10-cv-611-T-30AEP, 2012 WL 252837 (M.D. Fla. Jan. 26, 2012) (awarding $200/hour to attorney with less than four years of experience in FLSA case); *Moon v. Technodent Nat., Inc.,* 5:06-cv-358-Orl.PCF-GRJ, 2009 WL 111678, at *5-6 (M.D. Fla. Jan. 15, 2009) (finding reasonable fee in FLSA case to be $150 and $160 for lawyers with less than seven years of experience).[3] Indeed, the requested hourly rate is further undercut by the fact that Plaintiffs requested the same hourly rate of $250 for Mr. Talmadge, who has more than 16 years of experience practicing law.

Having considered the experience of Ms. Bash, the location of her practice, the complexity of the case, the Court's knowledge of market rates in Central Florida, and the lack of evidence supporting the requested rate, I submit that Ms. Bash's hourly rate should be reduced from $250 to $175.

### 2. *Hours Expended*

Next, I must determine the number of hours reasonably expended on the litigation. Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th

---

[3] Indeed, in another recent FLSA case filed in this Court – *Bucnis v. TaxPrep1, Inc.,* 5:14-cv-252-Oc-22PRL – Mr. Talmadge and Ms. Bash agreed to seek only $200/hour for their time. *See* Doc. 32.

Cir. 2011). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.*; *see also*, *Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008) (the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut").

Here, Plaintiffs seeks compensation for 51.20 hours of legal work performed by Ms. Bash. Other than stating in the motion that the time spent was "necessary and reasonable," Plaintiffs offer no evidence to support the reasonableness of the hours expended nor does it appear that Ms. Bash used billing judgment to exclude time from her fee petition. Defendant argues that numerous time entries should be reduced or excluded because they are for clerical tasks, the entries are improperly block billed and/or the entries are excessive. .

First, Defendant requests a reduction of 2.0 hours of Ms. Bash's time because the entries reflect tasks that are administrative in nature. "[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d at 1306. Defendant has identified two time entries where Ms. Bash seeks compensation for administrative tasks – i.e., conferring with the Clerk of Court, the mediator and opposing counsel regarding scheduling.[4] Accordingly, a reduction of 2.0 hours is warranted.

Next, Defendant objects to the amount of time Ms. Bash spent on legal research; preparing the Amended Complaint; and responding to discovery requests. Defendant contends that the 22.4

---

[4] On April 3, 2014: "Conference with Clerk of Court for the Ocala Division of the Middle District of Florida regarding scheduling and location. Conference with Mediator regarding same." On May 5, 2014: "Conference with Attorney Molloy regarding scheduling the deposition of Wanda Ray. Draft correspondence to client regarding same."

hours Ms. Bash spent researching various issues in this case was excessive because this was a "relatively straight forward FLSA action."[5] Likewise, Defendant argues that the 8.6 hours spent preparing the Amended Complaint was excessive since the changes in the amended pleading were minimal – i.e., the caption was revised to remove reference to Plaintiffs bringing the action "on behalf of all others similarly situated;" and more detailed general allegations were added; no additional claims or causes of action were alleged and the Amended Complaint remained a single-count complaint for overtime compensation under the FLSA.[6] Moreover, the majority of the time

---

[5]

| DATE | SERVICE/EXPENSE | HOURS |
|---|---|---|
| May 14, 2013 | Research Fair Labor Standards Act and related Florida causes of action. Compare Federal and Florida causes of action. Draft Federal Claim of Relief | 2.40 |
| May 20, 2013 | Continue to research Federal FLSA | 0.60 |
| May 24, 2013 | Continue to research FLSA and related case law regarding overtime pay | 1.70 |
| May 31, 2013 | Meeting with external counsel regarding case status documents provided. Begin to research additional potential causes of action. | 1.30 |
| June 19, 2013 | Continue research regarding Federal Statutes | 0.50 |
| Aug 12, 2013 | Research potential additional Defendant and edit complaint | 0.40 |
| Sept 4, 2013 | Continue research regarding determination of hourly rate. Calculate hourly rates for all pay periods dating from 2010 through present. | 4.00 |
| Sept 12, 2013 | Continue research on FLSA. Begin to draft Amended Complaint. Continue to calculate estimate of unpaid overtime. | 3.00 |
| Oct. 22, 2013 | Review case file. Research regarding fluctuation work week. Draft correspondence regarding settlement offer and Certificate of Compliance with Scheduling Order | 2.20 |
| Feb 6, 2014 | Prepare for Settlement Conference. Continue to research fluctuating work week. | 1.50 |
| March 19, 2014 | Research regarding amending Complaint. Conference with client regarding working off of the clock. Review Case Management Order | 2.50 |
| April 30, 2014 | Research regarding Amended Complaint. Draft Motion for Leave to Amend and Amended Complaint. Conference with Attorney Molloy regarding same. | 2.30 |

[6]

entries were dated in September and October 2013, more than six months before the Amended Complaint was actually filed. Finally, Plaintiffs contend that Ms. Bash spent an excessive amount of time responding to discovery requests – 3.1 hours preparing responses to the Court's interrogatories and 4.8 hours responding to Defendant's first set of interrogatories – all of which sought basic and straightforward information.[7]

---

| Sept. 12, 2013 | Continue research on FLSA. Begin to draft Amended Complaint. Continue to calculate estimate of unpaid overtime. | 3.00 |
|---|---|---|
| Sept. 13, 2013 | Continue to draft Amended Complaint | 1.10 |
| Oct. 4, 2013 | Continue to draft Amended Complaint. Meeting with Client regarding discovery. | 0.80 |
| Oct. 23, 2013 | Continue to edit Amended Complaint. Continue to draft responses to interrogatories and responses to settlement offer. Continue to prepare all documents as required by Scheduling Order | 1.40 |
| April 30, 2014 | Research regarding Amended Complaint. Draft Motion for Leave to Amend and Amended Complaint. Conference with Attorney Molloy regarding same. | 2.30 |

[7]

| Oct. 23, 2013 | Continue to edit Amended Complaint. Continue to draft responses to interrogatories and responses to settlement offer. Continue to prepare all documents as required by Scheduling Order | 1.40 |
|---|---|---|
| Nov. 1, 2013 | Review interrogatory responses provided by client | 0.40 |
| Nov. 7, 2013 | Continue to draft responses to interrogatories from the Court | 0.50 |
| Nov. 8, 2013 | Continue to edit interrogatory responses. Meeting with client regarding same | 0.80 |
| Dec. 22, 2014 | Review correspondence from Attorney Molloy regarding discovery. Begin to draft responses to request to produce and interrogatories | 2.10 |
| Jan. 5, 2015 | Conference with client regarding discovery requests | 0.30 |
| Jan. 12, 2015 | Draft responses to Defendant's First Set of Interrogatories, Amended Notice of Taking Depositions and Correspondence to Attorney's Molloy and Zinober regarding mediation dates. | 1.70 |
| Jan. 14, 2015 | Review client's responses to interrogatories. Edit responses to interrogatories. Meeting with client regarding same. | 0.70 |

After reviewing the subject time entries, I agree that the time spent on these tasks was excessive and unreasonable, and should be reduced. However, it is difficult to determine exactly how much time Ms. Bash actually spent on these tasks due to block billing – i.e., the practice of grouping multiple tasks in a block summary under a single time entry with no indication of how much time was spent on each task. Accordingly, and in the absence of any evidence or argument supporting the reasonableness and necessity of the time spent, I submit that the hours requested for research, preparing the amended complaint, and responding to discovery, should be reduced by 20% from 32.2 hours[8] to 25.76 hours. *See Reilly v. Duval County Pub. Sch.,* 2007 WL 2120551, at \*2 (M.D. Fla. July 23, 2007) (noting that reducing the total fee awarded by a percentage is "especially appropriate in cases such as this where attorneys have engaged in block billing which makes it much more difficult to segregate out excessive time.")[9]

    3. ***Lodestar Summary***

In summary, the undersigned recommends that the amount of hours should be reduced by 8.44 hours, finding that a reasonable lodestar for Ms. Bash is 42.76 hours at $175 per hour for a fee award of $7,483.00.

    **4. Costs**

Under federal law, a prevailing party may recover costs from a losing party. Fed.R.Civ.P. 54(d)(1). But absent authority from a federal statute, rule, or court order, recoverable costs are limited to the narrow range of enumerated items listed in 28 U.S.C. § 1920. *Crawford Fitting Co.*

---

[8] This number was calculated by adding the time entries for research, preparation of the amended complaint, and discovery but only counting the entries for September 12, 2013, October 23, 2013, and April 30, 2014 one time since those entries were block entries.

[9] Defendant also contends that any time Ms. Bash spent calculating hourly rates for pay period during 2010 should be excluded because it is beyond the 3-year limitations period. However, the two time entries with which Defendant takes issue – September 4, 2013 and September 12, 2013 – have already been reduced by 20% as discussed *supra*.

*v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441 (1987). Here, Plaintiffs seek to recover §1,148.75 in costs for filing fees ($400.00), service of process ($40.00), and necessarily obtained deposition transcripts ($708.75). (Doc. 106-2). All of these costs are specifically recoverable under § 1920, and thus, I submit that the requested costs are appropriately taxed in this case.

### III.     RECOMMENDATION

Based on the foregoing, I RECOMMEND that:

1. The parties' Joint Motion to Approve FLSA Settlement (Doc. 102) should be **GRANTED**, the settlement should be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and the matter should be dismissed, with prejudice.

2. Plaintiffs' Amended Motion for Attorney's Fees and Costs (Doc. 106) should be **GRANTED** to the extent that:

   a. Pursuant to the parties' stipulation, Joseph D. Talmadge, Jr. should be awarded attorney's fees and costs in the total amount of $20,000.

   b. Lindsey Bash should be awarded attorney's fees in the amount of $7,483.00 and costs in the amount of $1,148.75.

Recommended in Ocala, Florida on November 20, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy